# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

**FRANKIE TORRES-COLON,** )
      **Petitioner,** )
**v.** )     **Civil Action No. 5:21-00179**
       )
**WARDEN, FCI BECKLEY,** )
      **Respondent.** )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1), filed on March 22, 2021. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Petition, the undersigned finds and hereby respectfully recommends that it should be denied.

## FACT AND PROCEDURE

On March 22, 2021, Petitioner, acting *pro se*,[1] filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) Petitioner indicates that he is improperly being denied earned time credit under the First Step Act ("FSA"). (Document No. 1.) Petitioner states that he is "eligible and [has] completed 78 programs during [his] incarceration." (Id.) On April 19, 2021, Petitioner paid the $5.00 filing fee. (Document No. 4.)

By Order entered on September 8, 2023, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 5.) On

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

September 29, 2023, Respondent filed his Response to the Order to Show Cause. (Document No. 8.) Respondent argues that Petitioner's Petition should be denied based upon the following: (1) "Petitioner has failed to exhaust administrative remedies" (Id., pp. 2 – 3); (2) "Petitioner is not eligible to earn FTC" (Id., pp. 3 - 4); and (3) "Petitioner is not eligible to apply FTC" (Id., pp. 4 – 6). As Exhibits, Respondent attaches the following: (1) The Declaration of Misty Shaw (Document No. 8-1); (2) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated September 18, 2023 (Document No. 8-4); (3) A copy of Petitioner's "Individualized Needs Plan – Program Review" dated April 13, 2023 (Document No. 8-5); (4) A copy of Petitioner's "Judgment in a Criminal Case" regarding Case No. 3:02-cr-411 (Document No. 8-2); and (5) A copy of Petitioner's "Judgment in a Criminal Case" regarding Case No. 1:17-cr-00014 (Document No. 8-3).

By Order and Notice entered on October 2, 2023, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 9.) Petitioner, however, failed to file a Reply.

**ANALYSIS**

Generally, a federal inmate must exhaust available administrative remedies before filing a writ of habeas corpus in federal court. Boumediene v. Bush, 553 U.S. 723, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)(requiring exhaustion in a Section 2241 action). Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See Timms v. Johns, 627 F.3d 525, 530-33 (4th Cir. 2010); McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d

629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

Unlike the exhaustion requirement for Section 1983 and Bivens actions, the exhaustion requirements for Section 2241 Petitions are judicially imposed. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004). Since the exhaustion requirement for a Section 2241 Petition is judicially imposed, the Court has discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487, * 8 (S.D.W.Va. June 12, 2006)(citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.), cert. denied, 521 U.S. 1131, 118 S.Ct. 2, 138 L.Ed.2d. 1036 (1997)); also see Reeder v. Phillips, 2018 WL 2434003, * 3 (N.D.W.Va. June 12, 2008)(Since the statute authorizing habeas matters does not expressly require administrative exhaustion, the court retains discretion to disregard the exhaustion requirement in "pressing circumstances."). Courts, therefore, have recognized that exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that "[e]xhaustion of administrative remedies is

3

not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals." Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy); also see Reeder, 2008 WL 2434003, at * 3("Unless the agency is *certain* to rule adversely, however, a petitioner's unsupported prediction of failure does not excuse his lack of administrative exhaustion.")(emphasis added).

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General

Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In her Response, Respondent argues that Petitioner's Section 2241 Petition should be denied because Petitioner did not fully exhaust his administrative remedies. (Document No. 8, pp. 1 - 3.) Respondent acknowledges that Petitioner filed eleven administrative remedies during his incarceration. (Id., p. 2.) Respondent, however, notes that "none of them relate to FTC." (Id., pp. 2 – 3.) Respondent further states that"[t]his is a case where exhaustion would create a factual record to aid the parties in this matter." (Id., p. 3.) In support, Respondent submits the Declaration of Misty Shaw, a Paralegal at the Consolidated Legal Center at the Mid-Atlantic Regional Office. (Document No. 8-1.) Ms. Shaw declares that in her position she has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings. (Id.) Ms. Shaw acknowledges that Petitioner has filed eleven administrative remedies, but none concerning the issue asserted in his Petition. (Id.) Specifically, Ms. Shaw states, in pertinent part, as follows: "A review of Petitioner's administrative remedy history in SENTRY reveals that Petitioner has filed 11 administrative remedies while incarcerated, but none of these related to earned time credits under the First Step Act." (Id., p. 1.) As an Exhibit, Ms. Shaw attaches a copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated September 18, 2023. (Document No. 8-4.) Petitioner failed to file a Reply disputing the foregoing.

5

Based upon a review of the record, the undersigned finds that Petitioner failed to fully exhaust his available administrative remedies. As stated above, it is undisputed that Petitioner failed to fully exhaust his administrative remedies concerning the claims contained in his Petition. Whether an administrative remedy has been exhausted "is a question of law to be determined by the judge." Creel v. Hudson, 2017 WL 4004579, * 3 (S.D.W.Va. Sep. 12, 2017)(J. Johnston); at * 3; also see Woodhouse, 741 Fed.Appx. at 178 ("Judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury.") Additionally, there is no indication or allegation that Petitioner should be excused from exhausting his administrative remedies. During his confinement, Petitioner has filed eleven administrative remedies. (Document Nos. 8-1 and 8-4.); also see Ferguson v. Clarke, 2016 WL 398852, * 6 (W.D.Va. Jan. 6, 2016)(inmate's allegation that the administrative process was unavailable was belied by evidence that inmate submitted other grievances within the same period); Al Mujahidin v. Harouff, 2013 WL 4500446, * 7 (D.S.C. Aug. 21, 2013)(finding that inmate could not avoid summary judgment by simply asserting an unsupported allegation that his grievances were not processed or destroyed, in light of documentary evidence showing that other grievances were processed). Petitioner has failed to refute the specific allegations contained in Ms. Shaw's Declaration and the Exhibit in support (Petitioner's Administrative Remedy Generalized Retrieval). (Document Nos. 8-1 and 8-4.) Based upon the foregoing, the undersigned finds that Petitioner clearly failed to exhaust his available administrative remedies concerning his claims when he filed the instant Petition. Accordingly, the undersigned respectfully recommends that the District Court dismiss the above action because Petitioner failed to properly exhaust the available administrative remedies prior to filing his Petition and has not demonstrated that he should be excused from exhausting his administrative remedies.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: November 28, 2023.



Omar J. Aboulhosn
United States Magistrate Judge